IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CRAIG KENT GORDON, | |
| Plaintiff, | Case No. 2:09-CV-214 |
| v. | District Judge Thomas Greene |
| JUDGE ERIC LUDLOW et al., | **MEMORANDUM DECISION** |
| Defendants. | Magistrate Judge David Nuffer |

Plaintiff, Craig Kent Gordon, filed a self-styled "Federal Question Plaintiff's Petition/Complaint (28 U.S.C. § 1441) for the removal from state court for relief of those pending charges." In his second amended petition/complaint, he essentially requests removal of his pending state criminal prosecution to federal court.

First, Plaintiff has brought his petition/complaint under an inappropriate section. He is not entitled to removal of a *criminal* action under § 1441, which outlines requirements for removal of *civil* actions.[1] Construing Plaintiff's pleadings liberally, though, as it must for a *pro se* litigant,[2] the Court reviews them against the law governing removal of state criminal proceedings to federal court.

The process for removing a state criminal proceeding to federal court is governed by § 1446, which reads:

---

[1] 28 U.S.C.S. § 1441 (2009).

[2] See Haines v. Kerner, 404 U.S. 519, 520 (1972).

> A defendant . . . desiring to remove any . . .
> criminal prosecution from a State court shall file
> in the district court of the United States for the
> district and division within which such action is
> pending a notice of removal signed pursuant to
> Rule 11 of the Federal Rules of Civil Procedure
> and containing a short and plain statement of the
> grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such
> defendant . . . in such action.[3]

The removal notice also must be filed within thirty days of the defendant's arraignment in state court or any time before trial, whichever comes first.[4] While the filing of a notice of removal of a criminal action does not preclude the state from going forward, it does keep the state court from entering a judgment of conviction when the criminal action has not been remanded.[5]

This Court must promptly consider notices of removal regarding state criminal actions.[6] If it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," summary remand must be ordered.[7]

This Court's review of the materials Plaintiff has submitted in this case reveals that summary remand to the state court of this criminal prosecution is appropriate. Plaintiff has not complied with the removal statute, in that he has not provided

---

[3] *Id.* § 1446(a).

[4] *See id.* § 1446(c)(1).

[5] *See id.* § 1446(c)(3).

[6] *See id.* § 1446(c)(4).

[7] *See id.*

copies of "all process, pleadings, and orders served upon" him in his state criminal case(s).[8] Further, his initial appearance/arraignment took place on October 1, 2007, from which he should have filed this removal notice within thirty days. Instead, he waited until last month to file. Finally, "[r]emoval of state-court civil or criminal actions to federal court is limited to actions against federal officers, members of the armed forces, and defendants in certain civil rights actions."[9] Plainly and liberally construing Plaintiff's pro se notice of removal, this Court determines he meets none of these requirements.

"To the extent [Plaintff] seeks relief from the federal courts to prevent the violation of his constitutional rights in his pending state criminal proceeding, relief in federal court lies in a petition for a writ of habeas corpus after first exhausting available state court remedies."[10] Moreover, the Court notes that Plaintiff's "attempt to remove the state court criminal prosecution is inconsistent with 'the longstanding public policy against federal court interference with state court

---

[8] *See id.* § 1446(a).

[9] *Kansas v. Gilbert*, No. 06-3120-SAC, 2006 U.S. Dist. LEXIS, at *3 (D. Kan. May 2, 2006) (citing 28 U.S.C.S. §§ 1442, 1442a, 1443 (2009)).

[10] *Id.* at *4.

3

proceedings.'"[11]

With the view that the state courts are entirely equal to the task of maintaining Plaintiff's constitutional rights, IT IS THEREFORE ORDERED that this matter is REMANDED to the state courts.

DATED this 5th day of May 2009.

BY THE COURT:

_____
J. THOMAS GREENE
United States District Judge

---

[11] *Oklahoma v. Smith*, No. 06-6238, 2007 U.S. App. LEXIS 5427, at *3 (10th Cir. Apr. 3, 2008) (unpublished).